UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 3 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

XAVIER FLORES,       )
                     )
         Plaintiff,  )
                     )
    v.               )     Civil Action No. 13 0546
                     )
MEDICAID,            )
                     )
         Defendant.  )

## MEMORANDUM OPINION

For purposes of this Memorandum Opinion, the Court consolidates five complaints submitted by the plaintiff on March 25, 2013 and March 26, 2013.

The Court has reviewed plaintiff's complaints, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A complaint is subject to dismissal, however, if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Williams v. Dillon Cnty. Sheriff's Dep't*, No. 4:13-90, 2013 WL 1185836, at *2 (D.S.C. Feb.

1

19, 2013) (applying *Iqbal* to the initial screening of a complaint under 28 U.S.C. § 1915(e)(2)), *adopted*, 2013 WL 1180726 (D.S.C. Mar. 20, 2013).

The plaintiff purports to bring these actions under the Americans with Disabilities Act ("ADA"). Each complaint asserts an unspecified right under the ADA and alleges that the plaintiff has been denied a service or benefit. Wholly absent from each complaint are factual allegations from which the Court may make a "reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Even if the Court were to afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), the complaints fail to adequately state a claim under the ADA.

The Court will grant plaintiff's applications to proceed *in forma pauperis* and will dismiss the complaints for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
United States District Judge

DATE: Apr. 19, 2013

2